

May 14, 2019

**Jesse R. Loffler**
Direct Phone   212-453-3926
jloffler@cozen.com

***VIA ECF***

Honorable Lorna G. Schofield
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

      Re:   ***Bangladesh Bank v. Rizal Commercial Banking Corporation et al.*,
              No. 19-cv-00983-LGS (the "Action")**

Dear Judge Schofield:

Pursuant to this Court's April 9, 2019 order (Dkt. 108) (the "Order") setting the initial conference for May 21, 2019, Plaintiff Bangladesh Bank (the "Bank") and Defendants Rizal Commercial Banking Corporation ("RCBC"), Bloomberry Resorts and Hotels, Inc. d/b/a Solaire Resort & Casino ("Bloomberry"), Eastern Hawaii Leisure Company, Ltd. ("EHL") and Kim Sin Wong ("Kim Wong"), having conferred, respectfully submit this letter ("Joint Letter").

**(1)  Nature of the Case, Principal Claims and Defenses, and Major Legal and Factual Issues.**

**The Bank's Statement**.  As discussed in the Bank's response to Defendants' pre-motion letters (Dkt. 129), the Bank is the central bank of Bangladesh and, like the central banks of many other countries, maintains a U.S. Dollar bank account, and has for over 45 years, at the New York Federal Reserve Bank ("New York Fed"), located just a few blocks from this Court.  The New York Fed — a critical component of the Federal Reserve System, the central bank of the United States — is the largest Reserve Bank and the primary contact with foreign central banks, who maintain accounts there to enable them to conduct U.S. dollar transactions.

This case involves a conspiracy among the Defendants to steal over $81 million (of an attempted $1 billion theft) from the Bank's New York Fed account.  Defendants participated in a multi-year conspiracy that hacked into the Bank's systems and sent fraudulent payment orders that, through the Fedwire system operated by the New York Fed, resulted in the transfer and theft of $81 million out of the Bank's New York Fed account to correspondent bank accounts held in Manhattan and Philadelphia by RCBC.  The conspiracy routed the stolen $81 million out of the United States to four fake U.S. dollar accounts that RCBC opened in the Philippines nine months earlier and that sat inactive until they received the stolen funds.  There, the $81 million were transferred amongst various accounts held at RCBC, converted by RCBC into pesos, and laundered and disbursed through casinos, other businesses and individuals in the Philippines, each of whom participated in the conspiracy and theft and are Defendants in this Action.

The Bank did not send, and had no desire to send, its property to the Philippines.  As it had for over 45 years, the Bank held funds in U.S. dollars in its New York Fed account so that Bangladesh could participate in international commerce, approximately 85% of which

Honorable Lorna G. Schofield
May 14, 2019
Page 2

Bangladesh conducts in U.S. dollars.  The Bank seeks to return those stolen funds to their rightful place in its New York Fed account here in Manhattan.

Defendants' only defense — other than their procedural and jurisdictional arguments — is that they were not involved in the theft or the conspiracy, but the Complaint, based on several years of investigation by the Bank and including documentary evidence uncovered after years of a multi-lateral governmental investigation (including the FBI and United States DOJ), tells a much different story.  For instance, the Philippines' central bank fined RCBC $1 billion Pesos (over $20 million) for its role in the theft – the largest fine ever imposed.  Numerous RCBC executives are subject to ongoing criminal proceedings in the Philippines government, and one has been convicted.  Following the theft, RCBC's former CEO and other executives resigned their positions, and RCBC was forced to add new independent directors to its Board.

**Defendant RCBC's Statement**.  Defendant RCBC is a universal bank operating under and regulated by the BSP, the central bank of the Philippines.  Founded in 1960, RCBC is one of the oldest and largest universal banks in the Philippines, and has been the recipient of several awards, including "Overall Best Private Bank in the Philippines," among others.

The Complaint is based on the absurd premise that RCBC would risk legal liability and its reputation to participate in an $81 million money laundering scheme with North Korean hackers against the central bank of Bangladesh, all for the sole purpose of earning insignificant transaction fees on funds that remained in RCBC accounts for a matter of days.  The Complaint alleges that in February 2016, North Korean hackers transferred $81 million from Bangladesh Bank's account in the New York Fed through SWIFT payment instructions that originated from Bangladesh Bank's own terminals.  RCBC had no role or participation in initiating these payment instructions from the SWIFT terminal located in Bangladesh Bank's own premises.  There is evidence, however, that officials from Bangladesh Bank were "'100 percent' involved in the cyber heist," as stated by Bangladesh's Finance Minister.

According to the Complaint, the payment instructions resulted in the transfer of the funds to four accounts at RCBC's Jupiter Branch, and from there, in a matter of days, the funds were transferred through various RCBC accounts and disbursed to casinos and other businesses and individuals in the Philippines.  When RCBC became aware of the suspicious transactions, it quickly complied with its obligations under the Philippines Anti-Money Laundering Law, which was to file suspicious transaction reports with BSP.  Under Philippine law, RCBC had no authority to freeze an account or a transaction absent a stop payment request from the sending bank.  Once RCBC received and authenticated a free format request from Bangladesh Bank alerting RCBC of what Bangladesh Bank labeled as a "fraudulent transaction and unauthorized access in our SWIFT system" and to hold the transaction, RCBC acknowledged and complied with the request in accordance with its standard policies and procedures.

Following the alleged incident, RCBC conducted internal investigations and subjected itself to investigations by the Philippine Senate Blue Ribbon Committee, the Philippines Anti-Money Laundering Council, and BSP.  None of these investigations found that any officer in RCBC's head office had any actual knowledge or involvement in the incident.  Further, RCBC has not been the subject of any criminal proceeding related to the incident.

The Complaint is legally defective in virtually every respect. RCBC has not been properly served under applicable Philippine law. The Complaint identifies diversity jurisdiction as the sole basis for subject matter jurisdiction, but diversity jurisdiction does not exist when all the parties are foreign. There is also no legal basis for litigating Plaintiff's claims in New York, which lacks personal jurisdiction over RCBC. The case belongs in the Philippines, where almost all of the relevant witnesses and evidence are located. Finally, Plaintiff fails to state viable claims against RCBC: its RICO claim is facially deficient on several grounds, and it cannot prove the element of intent required for each cause of action, among other deficiencies.

**Defendant Bloomberry's Statement**. As set forth in its pre-motion letter to the Court, Bloomberry intends to move to dismiss the Complaint for lack of subject matter jurisdiction, personal jurisdiction, on grounds of *forum non conveniens*, and with respect to the civil RICO claim (Count VII) and any other related state law claim against Bloomberry, for failure to state a claim upon which relief can be granted. Notwithstanding years of investigations in the United States and the Philippines, there are no specific allegations that tie Bloomberry to the alleged fraud perpetrated by the North Korean hackers. As to Bloomberry, all witnesses and evidence are located in the Philippines, making it the most appropriate forum for litigating this case. Moreover, the Court lacks subject matter jurisdiction. The Bank now claims that subject matter jurisdiction exists pursuant to 28 U.S.C. § 1331 but the only federal claim alleged (civil RICO) is not even pleaded as the basis for such jurisdiction. In any event, the RICO claim is fatally flawed because, among other reasons, this is a single event case that does not come close to satisfying the "pattern" and "continuity" element of a RICO claim. There are also no plausible allegations that Bloomberry participated in a criminal enterprise.

**Defendants EHL's and Kim Wong's Statement.** We agree with the statements of RCBC and Bloomberry that this Court lacks personal and subject matter jurisdiction and, as discussed in the previous joint letter and in the responses below, Eastern Hawaii and Kim Wong will move to dismiss the complaint on those bases, as well as failure to state a claim and invalid service of process.

**(2) Basis of Subject Matter Jurisdiction and Venue.**

**The Banks's Statement**. The Complaint states a claim arising under federal law and the Court has supplemental jurisdiction over the common law claims (28 U.S.C. §§ 1331, 1367). Venue is proper because the property at issue was stolen out of the SDNY (28 U.S.C. § 1391).

**Defendant RCBC's Statement**. The sole basis for subject matter jurisdiction pleaded in the Complaint is diversity jurisdiction under 28 U.S.C. § 1332. There is no diversity jurisdiction because all the parties are foreign. It is blackletter law that "the presence of foreign parties on both sides of the litigation destroys diversity jurisdiction." *AICO Int'l, E.C. v. Merrill Lynch & Co.*, 98 F. App'x 44, 46 (2d Cir. 2004). With respect to venue, RCBC intends to move to dismiss based on *forum non conveniens*.

**Defendant Bloomberry's Statement**. This Court lacks subject matter jurisdiction over the Action. Diversity jurisdiction under U.S.C. § 1332 cannot be satisfied here where "the only parties are foreign entities." *Universal Licensing Corp. v. Paola del Lungo, S.p.A.*, 293 F.3d 579, 581 (2d Cir. 2002). The Bank, therefore, must amend the Complaint or proceed in a different

Honorable Lorna G. Schofield
May 14, 2019
Page 4

forum. Even if the Bank amends to assert jurisdiction under 28 U.S.C. § 1331 with respect to the civil RICO claim, that claim is ripe for dismissal, as set forth in Bloomberry's pre-motion letter. District courts consistently dismiss remaining state law claims where all federal claims have been dismissed. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 119 (2d. Cir. 2006) (affirming dismissal of state law claims following dismissal of federal claims); *Rasmy v. Marriot Int'l, Inc.*, 343 F. Supp. 3d 354, 372 (S.D.N.Y. 2018) (stating that it is "normal practice" to dismiss state law claims following dismissal of federal law claim). With respect to venue, Bloomberry intends to move to dismiss on grounds of *forum non conveniens*.

**Defendants EHL's and Kim Wong's Statement.** Pursuant to U.S.C. § 1332, there is a lack of diversity jurisdiction. With respect to the RICO claim, the presumption against extraterritoriality does not allow foreign litigants to bring their foreign cases in United States courts absent the existence of a domestic (U.S.) injury to the plaintiff, or a related domestic transaction. See <u>RJR Nabisco v. European Community</u>, 136 S. Ct. 2090 (2016). For that and other reasons, we will move to dismiss for lack of jurisdiction.

**(3) Brief Description of Anticipated Motions.**

**The Bank's Statement**. As set forth in the Bank's pre-motion response letter (Dkt. 129), the Bank anticipates motions relating to service of process and default judgment.

**Defendant RCBC's Statement**. As set forth in RCBC's pre-motion letter, Defendant RCBC intends to file a motion to dismiss the Complaint in its entirety under Rule 12(b)(5) for insufficient service of process, under Rule 12(b)(1) for lack of subject matter jurisdiction, under Rule 12(b)(2) for lack of personal jurisdiction, under Rule 12(b)(6) for failure to state a claim, and on the basis of *forum non conveniens*. RCBC reserves the right to raise any other potential defense in its motion to dismiss. Given the strength of RCBC's jurisdictional arguments, in particular, RCBC expects to request a stay of discovery pending the resolution of the motion to dismiss. Bangladesh Bank should not be permitted to subject RCBC to burdensome and costly discovery when the Court lacks personal jurisdiction over RCBC, a foreign defendant, and when all relevant documents, witnesses and evidence reside in the Philippines.

**Defendant Bloomberry's Statement**. Bloomberry intends to file a motion to dismiss the Complaint in its entirety with prejudice for lack of subject matter jurisdiction, lack of personal jurisdiction, on grounds of *forum non conveniens*, and failure to state a civil RICO claim and any other related state law claim against Bloomberry. Bloomberry may raise other potential defenses and this statement shall not be construed as a waiver of such defenses. Pending the outcome of the motion to dismiss, Bloomberry intends to move to stay all discovery contemplated in the case management plan submitted herewith. Motions to stay discovery are routinely granted where a "potentially dispositive motion" "appears to have substantial grounds" or "does not appear to be without foundation in law." *Johnson v. N.Y. Univ. Sch. of Educ.*, 205 F.R.D. 433, 434 (S.D.N.Y. 2002).

**Defendants EHL's and Kim Wong's Statement.** Defendants Eastern Hawaii and Kim Wong will likely join in the motions of Bloomberry and RCBC with respect to the issues of the lack of subject matter jurisdiction and *forum non conveniens*. With respect to the lack of personal jurisdiction and failure to state a claim on which relief can be granted, Eastern Hawaii

and Kim Wong will submit a separate motion based on our unique facts.  Eastern Hawaii and Kim Wong will join in the application of the co-defendants that discovery in this case is stayed pending the determination of the motions to dismiss the complaint.  Defendant Kim Wong has not yet been served, and Defendant Eastern Hawaii was not properly served in accordance with Rule 14 of the Rules of the Philippines Court.  This statement will not constitute a waiver to additional defenses under FRCP 12(b).

**(4)  Brief Description of Discovery That Has Taken Place and Will be Necessary.**

The parties have not engaged in any formal discovery.  The Bank anticipates that business records, affidavits, depositions, and other documentary and testimonial evidence will be necessary, admissible, and material to prove the claims and/or defenses in this Action.

**(5)  Computation of Each Category of Damages Claimed.**

**The Bank's Statement**.  The Bank seeks to recover the $81,001,662.12 U.S. Dollars stolen out of its account at the New York Fed, along with interest, attorneys' fees, any other costs of collection, and any other damages to which it is entitled, including treble damages pursuant to 18 U.S.C. § 1962(c), to be determined at trial.

**Defendant RCBC's Statement**.  Because Bangladesh Bank's claims against RCBC are meritless, it is not entitled to any damages from RCBC.  RCBC reserves the right to seek offset of any damages or to seek damages in connection with any counterclaim or crossclaim.

**Defendant Bloomberry's Statement**.  The Bank is entitled to no damages alleged against Bloomberry, nor is it entitled to interest, attorneys' fees, any other costs of collection, or any other alleged damages, including treble damages pursuant to 18 U.S.C. § 1962(c).  In any event, certain of the funds at issue with respect to Bloomberry are currently the subject of proceedings in the Philippines.  Bloomberry reserves the right to seek offset of any damages or to seek damages in connection with any counterclaim or crossclaim.

**Defendants EHL's and Kim Wong's Statement.**  Kim Wong and Eastern Hawaii are unaware of any damages that the Bank of Bangladesh may be entitled to and reserve their right to offset damages, or seek damages, against the Bank of Bangladesh in connection with any counterclaim or cross claim.

**(6)  Statement Describing Status of Settlement Discussions.**

The Bank has held meetings with certain of the Defendants, which included discussions of settlement, but reached no resolution.  There are no further discussions scheduled at this time.

**(7)  Any Other Information That May Assist the Court in Resolving the Action.**

At this time, the parties are not aware of any additional information.

The parties reserve the right to amend or supplement this Joint Letter as necessary, including due to the appearance of additional parties.  We look forward to meeting with Your Honor at that time and appreciate Your Honor's attention to this matter.

Honorable Lorna G. Schofield
May 14, 2019
Page 6

                Respectfully yours,

                Jesse Ryan Loffler

**SEEN AND AGREED:**

/s/ Tai-Heng Cheng
Tai-Heng Cheng
Sidley Austin LLP
787 Seventh Avenue, New York NY 10019
*Counsel for Rizal Commercial Banking Corporation*


/s/ Daniel Perry
Daniel Perry
Milbank LLP
55 Hudson Yards
New York, NY 10001
*Counsel for Bloomberry Resorts and Hotels Inc.*
  *d/b/a Solaire Resort & Casino*


/s/ Al Ebanks
Al Ebanks
The Ebanks Law Firm
Attorneys at Law
The Evening Post Building
20 Vesey Street
New York, NY 10007
(212) 766 4434
(212) 766 5899 fax
*Counsel for Eastern Hawaii Leisure Company, Ltd.*
  *d/b/a Midas Hotel & Casino and Kam Sin Wong*